UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SATERIA BOUVIA WEBSTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-695-RWS |
| | ) | |
| CHRIS KOSTER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's amended application for writ of habeas corpus pursuant to 28 U.S.C. § 2241[Doc. #4] and motion for leave to proceed in forma pauperis [Doc. #5]. Upon consideration of petitioner's financial information, the Court finds that she is financially unable to pay any portion of the filing fee, and therefore, the motion will be granted. Furthermore, having reviewed the amended petition, the Court will dismiss this action, without prejudice.

### The Amended Petition

Petitioner, a pretrial detainee at St. Louis County Justice Center, has filed her amended petition on the grounds that (1) there are "errors in [the] State's paperwork, specifically the 'Discovery Files'"; and (2) the State "failed to follow appropriate procedure therefore depriving petitioner of her freedom."

**Discussion**

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). Courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy).

The grounds raised by petitioner do not constitute the "special circumstances" required for a finding that she has exhausted her available state remedies. Petitioner's allegations are conclusory and do not contain any facts, which if proved, would demonstrate that she has been deprived of the right to a speedy trial or that she has been put in double jeopardy. Additionally, the claims raised by petitioner can be adequately raised at trial and in subsequent state proceedings. As a result, the Court will deny the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of May, 2013.

                                                      UNITED STATES DISTRICT JUDGE